◼ In the Matter of WALTER HARRIS, Appellant, v JAMES E. KIRBY, as Commissioner of the Suffolk County Department of Social Services, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to grant petitioner's request for a grant of assistance to replace stolen or confiscated furniture, petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered February 29, 1980, which dismissed the petition. The appeal brings up for review so much of an order of the same court, dated April 15, 1980, as, upon reargument, adhered to the original determination. Appeal from the judgment dismissed, without costs or disbursements. The judgment was superseded by the order granting reargument. Order reversed insofar as reviewed, on the law, without costs or disbursements, judgment vacated, and petition granted to the extent that the matter is remitted to the respondent for further proceedings consistent herewith. The record establishes that petitioner applied in an ambiguous and confusing manner for the replacement of furniture which had allegedly been stolen or confiscated in October, 1979. Respondent failed to grant the requested relief, but the record indicates that the actual substance of petitioner's claim was never considered as a result of the confusing nature of the application. The matter is therefore remitted to respondent to consider the merits of the petitioner's application on a *nunc pro tunc* basis. We add the observation that petitioner could have expedited the processing of his claim by simply pursuing the suggestion of Special Term that

he renew his application for relief in such a manner as to allow respondent to weigh the substantive aspect of his claim. Titone, J. P., Gibbons, Margett and O'Connor, JJ., concur.